[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On this Motion for Summary Judgment, the court is asked to determine only the "liability" of the defendant in this personal injury case. See Conn. P.B. § 17-50. The defendant has filed no opposing papers. In the absence of contradictory affidavits, the court must nonetheless look to the sufficiency of the movant's affidavits and other proof before determining whether to grant summary judgment. Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122
(1995).
The plaintiff Robert Urso has filed a one count complaint in which he claims that he was injured in an auto accident caused by the negligence of the other driver, the defendant Francis Marlak.
At common law, the elements of a cause of action for negligence were the following: duty; breach of duty; causation; and injury. Prosser and Keeton, Torts, 5th ed., § 30, p. 164-65. Without proof of each of these, a plaintiffs cause would fail entirely and a plaintiff was not entitled to have the question of damages considered by the trier of fact. This was so because conduct that was merely negligent was not considered to be a significant interference with the public interest such that there was any right to complain of it, or to be free from it, without proof of an actual injury. Id., p. 165.
Nor was this merely the old-fashioned view. No less a contemporary authority than the Restatement of Torts, Second, adopts the position that actual injury is an element of the cause of action. Restatement of Torts, Second § 907, comment a, p. 462.
The affidavit of the plaintiff Robert Urso in support of his Motion for Summary Judgment establishes that the "motor vehicle accident was caused by the negligence and the inattentiveness of Francis Marlak. . . ." What the affidavit does not establish is that the accident resulted in any personal injury to the plaintiff, a necessary element of a cause of action for negligence. Without a finding that some injury occurred that was proximately caused by the defendant's conduct, the cause of action for negligence fails.
The Motion for Summary Judgment is denied, without prejudice to the filing of any new motion with further supporting papers.
Patty Jenkins Pittman, Judge CT Page 13468-ej